UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV-11 1142**

| |
|---|
| SUSAN SIMPSON, |
| Plaintiff, |
| -against- |
| GC SERVICES, LP |
| Defendant. |

(S.J.)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 10 2011 ★

VERIFIED COMPLAINT and DEMAND
FOR JURY TRIAL    LONG ISLAND OFFICE



FUERSTEIN, S

TOMLINSON, M

NOW COMES Plaintiff, Susan Simpson ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Verified Complaint against Defendant, GC Services, LP ("Defendant"), alleges as follows:

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Parties

2. Plaintiff is a natural person residing in Islip Terrace, Suffolk County, New York.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a company conducting business in the state of Texas.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business in New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Factual Allegations

10. Beginning in or around July of 2010, Defendant called Plaintiff up to five times per day, up to six days per week, seeking to collect money from Plaintiff for an alleged debt.

11. Defendant called Plaintiff from various telephone numbers including but not limited to 800-457-2370, 858-577-3668, 858-577-2374 and 631-238-3439.

12. In addition to calling Plaintiff on her personal telephone number, Defendant placed collection calls to Plaintiff at her place of employment despite Plaintiff informing Defendant that Plaintiff is unable to accept such calls at her workplace.

13. Specifically, Plaintiff is a school nurse and is unable to accept calls at the school during school hours.

14. Defendant continued to call Plaintiff at the school during school hours after being informed that such calls were not permissible by her employer.

15. Plaintiff's colleague, Aileen Beaury ("Beaury"), witnessed these telephone calls and Plaintiff informing Defendant not to call her at work.

16. During some of the collection calls made to her place of employment, Defendant spoke to Beaury and demanded to speak with Plaintiff's supervisors.

17. Beaury informed Defendant that neither Plaintiff nor her supervisors were available (school was in session) and, in response, Defendant became very argumentative and belligerent to Beaury.

18. Defendant contacted Plaintiff's family, friends, and neighbors multiple times regarding Plaintiff's alleged debt.

19. Specifically, Defendant called Plaintiff's cousin, Denise Siebert, four times in a row on one occasion.

20. Defendant also called one of Plaintiff's neighbors on her block, Maria Stipt, as well as her sister-in-law, Penny Mehling, in North Carolina.

## CLAIM FOR RELIEF

21. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692c(a)(3) of the FDCPA by contacting Plaintiff at her place of employment when Defendant knew that Plaintiff could not receive calls there;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt;

   c. Defendant violated §1692d(5) of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

22. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

(2) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(3) Awarding such other and further relief as may be just, proper and equitable.

Dated:        March 1, 2011              KROHN & MOSS, LTD.

                                         By: _____
                                         Adam T. Hill
                                         KROHN & MOSS, LTD.
                                         120 W. Madison St., 10th Fl.
                                         Chicago, Illinois 60602
                                         Telephone: 312-578-9428
                                         Telefax: 866-802-0021
                                         ahill@consumerlawcenter.com
                                         Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SUSAN SIMPSON, hereby demands a jury trial in this matter.

## VERIFICATION

STATE OF NEW YORK )
)ss.:
COUNTY OF SUFFOLK )

Plaintiff, SUSAN SIMPSON, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SUSAN SIMPSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1/4/11

_____
SUSAN SIMPSON